IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ISAAC BROOKS,

    Plaintiff,

vs.                                Case No. 4:03cv326-WS/WCS

JAMES V. CROSBY,
DR. PAREKH,

    Defendants.

                               /

## REPORT AND RECOMMENDATION

This cause is again before me upon referral from the office of the clerk.

This court's order entered May 2, 2005, directed Plaintiff to advise the court whether or not he wished to pursue this lawsuit in light of his release from custody. A copy of the order was mailed to his probation officer for delivery to the Plaintiff. That order has not been returned and Plaintiff has not filed a response.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir.)

*cert. denied*, 493 U.S. 863 (1989).  Because Plaintiff has failed to prosecute his case, his complaint should be dismissed.

It is therefore respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on May 20, 2005.


                                    **s/ William C. Sherrill, Jr.**
                                    **WILLIAM C. SHERRILL, JR.**
                                    **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO PARTIES**

Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.